**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**SONY ELECTRONICS, INC. and SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,**<br><br>    Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Charles C. Freeny III, Bryan E. Freeny, and James P. Freeny (collectively "Plaintiffs"), for their Complaint against Defendants Sony Electronics, Inc. and Sony Mobile Communications (U.S.A.) Inc., hereby allege as follows:

### THE PARTIES

1.  Plaintiff Charles C. Freeny III is an individual residing in Flower Mound, Texas.

2.  Plaintiff Bryan E. Freeny is an individual residing in Ft. Worth, Texas.

3.  Plaintiff James P. Freeny is an individual residing in Spring, Texas.

4.  On information and belief, Defendant Sony Electronics, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 16530 Via Esprillo, San Diego, California 92127.

5.  On information and belief, Defendant Sony Mobile Communications (U.S.A.) Inc. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 3333 Piedmont Road NE, Suite 600, Atlanta, Georgia 30305.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§101 et seq. This Court has jurisdiction over Plaintiffs' federal law claims under 28 U.S.C. §§1331 and 1338(a).

7. This Court has specific and/or general personal jurisdiction over Defendants Sony Electronics, Inc. and Sony Mobile Communications (U.S.A.) Inc. (collectively "Sony") because they have committed acts giving rise to this action within this judicial district and/or have established minimum contacts within Texas and within this judicial district such that the exercise of jurisdiction over each would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Sony has committed acts within this judicial district giving rise to this action, and continues to conduct business in this district, and/or has committed acts of patent infringement within this District giving rise to this action.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,490,443)

9. Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

10. On December 3, 2002, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 6,490,443 ("the '443 patent"), entitled "Communication and Proximity Authorization Systems." A true and correct copy of the '443 patent is attached hereto as **Exhibit A**.

11. The named inventor of the '443 patent is Charles C. Freeny, Jr., who is now deceased.

12. Plaintiffs are the sons of Charles C. Freeny, Jr., and Plaintiffs are the owners and assignees of all right, title and interest in and to the '443 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

13. On information and belief, Sony has been and now is directly infringing the '443 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States mobile devices that embody one or more of the inventions claimed in the '443 patent, including but not limited to the Sony Xperia M2 smartphone and all reasonably similar products ("the accused Sony products"), in violation of 35 U.S.C. § 271(a).

14. On information and belief, Sony has had knowledge of the '443 patent and its contents since at least around May 5, 2004, when the '443 patent was cited by the United States Patent and Trademark Office ("PTO") in the prosecution of U.S. Patent No. 6,996,839 ("the '839 patent"). On information and belief, Defendant Sony Electronics, Inc. and Sony Corporation (the parent corporation of both Defendants) are or were the owners of the '839 patent and were involved in the prosecution of the '839 patent.

15. On or about May 5, 2004, the PTO rejected claims in the application for the '839 patent as obvious in light of the '443 patent. In response, Sony's patent attorney did not dispute the substance of the disclosures in the '443 patent, and instead asserted that the '443 patent was not prior art because the invention date of the '839 patent was earlier than the priority date of the '443 patent. The patent examiner rejected this argument, finding that Sony had failed to establish that the invention date of the '839 patent was earlier than the priority date of the '443 patent. In response, Sony amended the claims of the '839 patent application to distinguish them from the '443 patent.

16. On information and belief, based on Sony's knowledge of the '443 patent acquired from the prosecution of the '839 patent, Sony knew or should have known that there was an objectively high risk that the accused Sony products infringe the '443 patent.

17. Sony has also been on notice of the '443 patent and Plaintiffs' allegations of infringement in this action since at least the date of service of this Complaint.

18. Despite being on notice of the '443 patent and its direct infringement of the patent, Sony has continued with its infringing activities.

19. On information and belief, Sony is inducing and/or has induced infringement of one or more claims of the '443 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Sony products in an infringing manner in violation of 35 U.S.C. § 271(b). On information and belief, Sony has had knowledge of the '443 patent since at least the date of service of this Complaint. Despite this knowledge of the '443 patent, Sony has continued to engage in activities to encourage and assist its customers in the use of the accused Sony products. For example, through its websites at http://store.sony.com and http://www.sonymobile.com/us, Sony advertises the accused Sony products and provides instructions and technical support on the use the accused Sony products. On information and belief, by using the accused Sony products as encouraged and assisted by Sony, Sony's customers have directly infringed and continue to directly infringe one or more claims of the '443 patent. On information and belief, Sony knew or was willfully blind to the fact that its activities in encouraging and assisting customers in the use of the accused Sony products, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '443 patent.

20. On information and belief, Sony will continue to infringe the '443 patent unless enjoined by this Court.

21. Sony acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty.  Sony's infringement of Plaintiffs' rights under the '443 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

22. On information and belief, Sony's infringement of the '443 patent has been willful, thereby entitling Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 6,806,977)

23. Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

24. On October 19, 2004, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 6,806,977 ("the '977 patent"), entitled "Multiple Integrated Machine System."  A true and correct copy of the '977 patent is attached hereto as **Exhibit B**.

25. Plaintiffs are the owners and assignees of all right, title and interest in and to the '977 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

26. On information and belief, Sony has been and now is directly infringing the '977 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States

mobile devices that embody one or more of the inventions claimed in the '977 patent, including but not limited to the accused Sony products, in violation of 35 U.S.C. § 271(a).

27. On information and belief, Sony is inducing and/or has induced infringement of one or more claims of the '977 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Sony products in an infringing manner in violation of 35 U.S.C. § 271(b). On information and belief, Sony has had knowledge of the '977 patent since at least the date of service of this Complaint. Despite this knowledge of the '977 patent, Sony has continued to engage in activities to encourage and assist its customers in the use of the accused Sony products. For example, through its websites at http://store.sony.com and http://www.sonymobile.com/us, Sony advertises the accused Sony products and provides instructions and technical support on the use the accused Sony products. On information and belief, by using the accused Sony products as encouraged and assisted by Sony, Sony's customers have directly infringed and continue to directly infringe one or more claims of the '977 patent. On information and belief, Sony knew or was willfully blind to the fact that its activities in encouraging and assisting customers in the use of the accused Sony products, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '977 patent.

28. On information and belief, Sony will continue to infringe the '977 patent unless enjoined by this Court.

29. Sony acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty. Sony infringement of Plaintiffs' rights under the '977 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,301,664)

30. Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

31. On November 27, 2007, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 7,301,664 ("the '664 patent"), entitled "Multiple Integrated Machine System." A true and correct copy of the '664 patent is attached hereto as **Exhibit C**.

32. Plaintiffs are the owners and assignees of all right, title and interest in and to the '664 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

33. On information and belief, Sony has been and now is directly infringing the '664 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States mobile devices that embody one or more of the inventions claimed in the '664 patent, including but not limited to the accused Sony products, in violation of 35 U.S.C. § 271(a).

34. On information and belief, Sony is inducing and/or has induced infringement of one or more claims of the '664 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Sony products in an infringing manner in violation of 35 U.S.C. § 271(b). On information and belief, Sony has had knowledge of the '664 patent since at least the date of service of this Complaint. Despite this knowledge of the '664 patent, Sony has continued to engage in activities to encourage and assist its customers in the use of the accused Sony products. For example, through its websites at

http://store.sony.com and http://www.sonymobile.com/us, Sony advertises the accused Sony products and provides instructions and technical support on the use the accused Sony products. On information and belief, by using the accused Sony products as encouraged and assisted by Sony, Sony's customers have directly infringed and continue to directly infringe one or more claims of the '664 patent.  On information and belief, Sony knew or was willfully blind to the fact that its activities in encouraging and assisting customers in the use of the accused Sony products, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '664 patent.

35. On information and belief, Sony will continue to infringe the '664 patent unless enjoined by this Court.

36. Sony acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty.  Sony infringement of Plaintiffs' rights under the '664 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT IV
### (INFRINGEMENT OF U.S. PATENT NO. 8,072,637)

37. Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

38. On December 6, 2011, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 8,072,637 ("the '637 patent"), entitled "Multiple Integrated Machine System."  A true and correct copy of the '637 patent is attached hereto as **Exhibit D**.

39. Plaintiffs are the owners and assignees of all right, title and interest in and to the '637 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

40. On information and belief, Sony has been and now is directly infringing the '637 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States mobile devices that embody one or more of the inventions claimed in the '637 patent, including but not limited to the accused Sony products, in violation of 35 U.S.C. § 271(a).

41. On information and belief, Sony is inducing and/or has induced infringement of one or more claims of the '637 patent as a result of, among other activities, instructing, encouraging, and directing its customers on the use of the accused Sony products in an infringing manner in violation of 35 U.S.C. § 271(b). On information and belief, Sony has had knowledge of the '637 patent since at least the date of service of this Complaint. Despite this knowledge of the '637 patent, Sony has continued to engage in activities to encourage and assist its customers in the use of the accused Sony products. For example, through its websites at http://store.sony.com and http://www.sonymobile.com/us, Sony advertises the accused Sony products and provides instructions and technical support on the use the accused Sony products. On information and belief, by using the accused Sony products as encouraged and assisted by Sony, Sony's customers have directly infringed and continue to directly infringe one or more claims of the '637 patent. On information and belief, Sony knew or was willfully blind to the fact that its activities in encouraging and assisting customers in the use of the accused Sony products, including but not limited to the activities set forth above, would induce its customers' direct infringement of the '637 patent.

42.     On information and belief, Sony will continue to infringe the '637 patent unless enjoined by this Court.

43.     Sony acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty.  Sony infringement of Plaintiffs' rights under the '637 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court enter judgment against Sony as follows:

a.      For judgment that Sony has infringed and continues to infringe the claims of the '443, '977, '664, and '637 patents;

b.      For judgment that Sony's infringement of the '443 patent has been and is willful;

c.      For a permanent injunction against Sony and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '443, '977, '664, and '637 patents;

d.      For an accounting of all damages caused by Sony acts of infringement;

e.      For a judgment and order requiring Sony to pay Plaintiffs' damages (including enhanced damages for Sony's willful infringement), costs, expenses, and pre- and post-judgment interest for its infringement of the '443, '977, '664, and '637 patents as provided under 35 U.S.C. § 284;

f.      For a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

g. For such other relief at law and in equity as the Court may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury of all issues triable by a jury.

Dated: July 9, 2014

Respectfully submitted,

*/s/ Christopher D. Banys*
Christopher D. Banys - ***Lead Attorney***

BANYS, P.C.
Christopher D. Banys     SBN: 230038 (California)
Richard C. Lin     SBN: 209233 (California)
Eric J. Sidebotham     SBN: 208829 (California)
Jennifer L. Gilbert     SBN: 255820 (California)
1032 Elwell Court, Suite 100
Palo Alto, CA 94303
Tel: (650) 308-8505
Fax: (650) 353-2202
cdb@banyspc.com
rcl@banyspc.com
ejs@banyspc.com
jlg@banyspc.com

LOCAL COUNSEL:

WARD & SMITH LAW FIRM
Wesley Hill     SBN: 24032294
P.O. Box 1231
1127 Judson Rd., Ste. 220
Longview, TX 75601
Tel: (903) 757-6400
Fax: (903) 757-2323
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFFS
CHARLES C. FREENY III, BRYAN E. FREENY, AND JAMES P. FREENY**