IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHARLES C. FREENY III,  ET AL., | |
| PLAINTIFFS | |
| v. | 2:14-cv-755-JRG-RSP |
| SONY ELECTRONICS, INC. AND SONY MOBILE COMMUNICATIONS (USA) INC., | JURY TRIAL DEMANDED |
| DEFENDANTS | |

**SONY MOBILE COMMUNICATIONS (USA) INC.'S AND SONY ELECTRONICS INC.'S ANSWER, COUNTERCLAIMS AND JURY DEMAND**

Sony Mobile Communications (USA) Inc. ("Sony Mobile") and Sony Electronics Inc. ("SEL") hereby file their Answer and Jury Demand to the Complaint ("Complaint") filed in this action by Charles C. Freeny III, Bryan E. Freeny, and James P. Freeny ("Plaintiffs") and Sony Mobile further files its Counterclaims and each respond on behalf of themselves and no other party as set forth below.  Each paragraph of this Answer corresponds to the same numbered paragraph in the Complaint, and anything in the Complaint that is not expressly admitted herein is hereby denied.

**THE PARTIES**

1.      Sony Mobile and SEL lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint.

- 1 -

2.      Sony Mobile and SEL lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint.

3.      Sony Mobile and SEL lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint.

4.      Sony Mobile and SEL admit that Sony Electronics Inc. is a Delaware corporation with a place of business at 16530 Via Esprillo, San Diego, CA.

5.      Sony Mobile and SEL admit that Sony Mobile Communications (USA) Inc. is a Delaware corporation with a place of business at 3333 Piedmont Road NE, Suite 600, Atlanta, Georgia 30305.

#### JURISDICTION AND VENUE

6.      Sony Mobile and SEL admit that the Complaint purports to initiate an action for patent infringement arising under 28 U.S.C. § 1331 and 1338(a) and section 35 of the Patent Act, but Sony Mobile and SEL deny infringement. Sony Mobile and SEL admit that this Court has jurisdiction over the subject matter of the action under 28 U.S.C. §1331 and §1338(a) because it purports to be an action for patent infringement, but Sony Mobile and SEL deny that the asserted patents are valid and deny infringement.

7.      For the purpose of this action and all counterclaims set forth herein, and without waiving any defense of lack of personal jurisdiction in connection with any other cause of action or claim, Sony Mobile and SEL do not contest whether jurisdiction properly lies in this district, but deny that Sony Mobile and SEL have committed any act that would give rise to any cause of action asserted in the Complaint or that they do substantial business in this forum with respect to the accused products. Except as expressly admitted, Sony Mobile and SEL deny the remaining allegations in Paragraph 7 of the Complaint.

8.      For the purpose of this action and all counterclaims set forth herein, and without waiving any defense of lack of personal jurisdiction in connection with any other cause of action or claim, Sony Mobile and SEL do not contest whether venue properly lies in this district, but deny that this venue is more convenient than other venues and deny that they do substantial business in this forum with respect to the accused products. Except as expressly admitted, Sony Mobile and SEL deny the remaining allegations in Paragraph 8 of the Complaint.

### COUNT I - ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,490,443

9.      Sony Mobile and SEL incorporate by reference their answers to the allegations set forth in the Paragraphs above as if fully set forth herein.

10.      Sony Mobile and SEL admit that Exhibit A of the Complaint purports to be a copy of United States Patent No. 6,490,443 (the "'443 Patent") and that it bears a title of "Communication and Proximity Authorization Systems" and an issue date of December 3, 2002, but deny that it was duly and legally issued after a full and fair examination. Sony Mobile and SEL lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 of the Complaint.

11.      Sony Mobile and SEL admit that the "Inventor" field on the cover page of the '443 patent bears the name "Charles C. Freeny, Jr." Sony Mobile and SEL lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of the Complaint.

12.      Sony Mobile and SEL lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

13.      Sony Mobile and SEL deny the allegations in Paragraph 13 of the Complaint.

14.     Sony Mobile and SEL admit that U.S. Patent No. 6,490,443 is cited in the prosecution history of U.S. Patent No. 6,996,839. Sony Mobile and SEL admit that Sony Electronics, Inc. and Sony Corporation were assignees of the '839 patent. Sony Mobile and SEL deny any remaining allegations in Paragraph 14 of the Complaint.

15.     Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint. SEL denies the allegations in Paragraph 15 of the Complaint.

16.     Sony Mobile and SEL deny the allegations in Paragraph 16 of the Complaint.

17.     Sony Mobile and SEL deny the allegations in Paragraph 17 of the Complaint.

18.     Sony Mobile and SEL deny the allegations in Paragraph 18 of the Complaint.

19.     Sony Mobile and SEL admit that, as of service of the Complaint in this action, Sony Mobile and SEL are aware that Plaintiffs allege that Sony Mobile and SEL are inducing infringement of the of the '443 patent, but deny that they are doing so, and deny that the Complaint contains sufficient details so as to provide notice of the basis for Plaintiffs' claims of infringement. Sony Mobile and SEL admit having web sites that may be accessed at browser addresses http://store.sony.com and http://www.sonymobile.com/us and from which may be obtained instructions and technical support information on Sony Mobile and SEL products, but deny that those web sites provide instructions or support use of the accused products in a manner that induces infringement of any valid claim of the '443 patent. Sony Mobile and SEL deny the remaining allegations of Paragraph 19 of the Complaint.

20.     Sony Mobile and SEL deny the allegations in Paragraph 20 of the Complaint.

21.     Sony Mobile and SEL deny the allegations in Paragraph 21 of the Complaint.

22.     Sony Mobile and SEL deny the allegations in Paragraph 22 of the Complaint.

DAL:901220.1

## COUNT II - ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,806,977

23.     Sony Mobile and SEL incorporate by reference their answers to the allegations set forth in the Paragraphs above as if fully set forth herein.

24.     Sony Mobile and SEL admit that Exhibit B of the Complaint purports to be a copy of United States Patent No. 6,806,977 (the "'977 Patent") and that it bears a title of "Multiple Integrated Machine System" and an issue date of October 19, 2004, but deny that it was duly and legally issued after a full and fair examination. Sony Mobile and SEL lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24 of the Complaint.

25.     Sony Mobile and SEL lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint.

26.     Sony Mobile and SEL deny the allegations in Paragraph 26 of the Complaint..

27.     Sony Mobile and SEL admit that the Complaint alleges infringement of the '977 patent, but deny that the Complaint contains sufficient details so as to provide notice of the basis for Plaintiffs' claims of infringement. Sony Mobile and SEL admit having web sites that may be accessed at browser addresses http://store.sony.com and http://www.sonymobile.com/us and from which may be obtained instructions and technical support information on Sony Mobile and SEL products but deny that those web sites provide instructions or support use of the accused products in a manner that induces infringement of any valid claim of the '977 patent. Sony Mobile and SEL deny the remaining allegations of Paragraph 27 of the Complaint.

28.     Sony Mobile and SEL deny the allegations in Paragraph 28 of the Complaint.

29.     Sony Mobile and SEL deny the allegations in Paragraph 29 of the Complaint.

### COUNT III - ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,301,664

30.     Sony Mobile and SEL incorporate by reference their answers to the allegations set forth in the Paragraphs above as if fully set forth herein.

31.     Sony Mobile and SEL admit that Exhibit C of the Complaint purports to be a copy of United States Patent No. 7,301,664 (the "'664 Patent") and that it bears a title of "Multiple Integrated Machine System" and an issue date of November 27, 2007, but deny that it was duly and legally issued after a full and fair examination. Sony Mobile and SEL lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 31 of the Complaint.

32.     Sony Mobile and SEL lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33.     Sony Mobile and SEL deny the allegations in Paragraph 33 of the Complaint.

34.     Sony Mobile and SEL admit that the Complaint alleges infringement of the '664 patent, but deny that the Complaint contains sufficient details so as to provide notice of the basis for Plaintiffs' claims of infringement. Sony Mobile and SEL admit having web sites that may be accessed at browser addresses http://store.sony.com and http://www.sonymobile.com/us and from which may be obtained instructions and technical support information on Sony Mobile and SEL products, but deny that those web sites provide instructions or support use of the accused products in a manner that induces infringement of any valid claim of the '664 patent. Sony Mobile and SEL deny the remaining allegations of Paragraph 34 of the Complaint.

35.     Sony Mobile and SEL deny the allegations in Paragraph 35 of the Complaint.

36.     Sony Mobile and SEL deny the allegations in Paragraph 36 of the Complaint.

### Count IV - Alleged Infringement U.S. Patent No. 8,072,637

37.      Sony Mobile and SEL incorporate by reference their answers to the allegations set forth in the Paragraphs above as if fully set forth herein.

38.      Sony Mobile and SEL admit that Exhibit D of the Complaint purports to be a copy of United States Patent No. 8,072,637 (the "'637 Patent") and that it bears a title of "Multiple Integrated Machine System" and an issue date of December 6, 2011, but deny that it was duly and legally issued after a full and fair examination. Sony Mobile and SEL lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38 of the Complaint.

39.      Sony Mobile and SEL lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint.

40.      Sony Mobile and SEL deny the allegations in Paragraph 40 of the Complaint..

41.      Sony Mobile and SEL admit that the Complaint alleges infringement of the '637 patent, but deny that the Complaint contains sufficient details so as to provide notice of the basis for Plaintiffs' claims of infringement. Sony Mobile and SEL admit having web sites that may be accessed at browser addresses http://store.sony.com and http://www.sonymobile.com/us and from which may be obtained instructions and technical support information on Sony Mobile and SEL products but deny that those web sites provide instructions or support use of the accused products in a manner that induces infringement of any valid claim of the '637 patent. Sony Mobile and SEL deny the remaining allegations of Paragraph 41 of the Complaint.

42.      Sony Mobile and SEL deny the allegations in Paragraph 42 of the Complaint..

43.      Sony Mobile and SEL deny the allegations in Paragraph 43 of the Complaint..

- 7 -

### PLAINTIFFS' PRAYED-FOR RELIEF

To the extent a response to Plaintiffs' Prayer for Relief is required, Sony Mobile and SEL deny that Plaintiffs are entitled to any of the prayed-for relief and further state that Plaintiffs have failed to plead any facts to support a declaration by the Court that this case is exceptional under the terms of 35 U.S.C. § 285 or that the alleged infringement was willful.

### DEFENSES

Sony Mobile and SEL incorporate by reference the foregoing paragraphs in their entirety and assert the following Defenses. By asserting these defenses, Sony Mobile and SEL do not admit that they bear the burden of proof on any issue and do not accept any burden they would not otherwise bear. Sony Mobile and SEL reserve the right to amend this Answer with additional defenses as further information becomes available.

### FIRST DEFENSE
### (No Infringement of the '443 Patent)

1.      Sony Mobile and SEL do not infringe and have not infringed, either directly, contributorily, by inducement, and/or literally any valid and enforceable claim of the '443 Patent. Further, the accused devices are staple articles or commodities of commerce suitable for substantial noninfringing uses, foreclosing liability for contributory infringement.

### SECOND DEFENSE
### (Invalidity of the '443 Patent)

2.      Each and every claim of the '443 Patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

DAL:901220.1

**THIRD DEFENSE**
**(No Infringement of the '977 Patent)**

3.      Sony Mobile and SEL do not infringe and have not infringed, either directly, contributorily, by inducement, and/or literally any valid and enforceable claim of the '977 Patent. Further, the accused devices are staple articles or commodities of commerce suitable for substantial noninfringing uses, foreclosing liability for contributory infringement.

**FOURTH DEFENSE**
**(Invalidity of the '977 Patent)**

4.      Each and every claim of the '977 Patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

**FIFTH DEFENSE**
**(No Infringement of the '664 Patent)**

5.      Sony Mobile and SEL do not infringe and have not infringed, either directly, contributorily, by inducement, and/or literally any valid and enforceable claim of the '664 Patent. Further, the accused devices are staple articles or commodities of commerce suitable for substantial noninfringing uses, foreclosing liability for contributory infringement.

**SIXTH DEFENSE**
**(Invalidity of the '664 Patent)**

6.      Each and every claim of the '664 Patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

**SEVENTH DEFENSE**
**(No Infringement of the '637 Patent)**

7.      Sony Mobile and SEL do not infringe and have not infringed, either directly, contributorily, by inducement, and/or literally any valid and enforceable claim of the '637 Patent.

DAL:901220.1

Further, the accused devices are staple articles or commodities of commerce suitable for

substantial noninfringing uses, foreclosing liability for contributory infringement.

### EIGHTH DEFENSE
### (Invalidity of the '637 Patent)

8.      Each and every claim of the '637 Patent is invalid for failing to satisfy the

conditions for patentability set forth in Title 35 of the United States Code, including, without

limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

### NINTH DEFENSE
### (Failure to State a Claim Upon Which Relief Can be Granted)

9.      One or more of the claims in Plaintiffs' Complaint fails to state a claim upon

which relief can be granted.

### TENTH DEFENSE
### (No Immediate or Irreparable Harm)

10.     Plaintiffs are not entitled to injunctive relief because any alleged injury to

Plaintiffs are not immediate or irreparable and Plaintiffs have an adequate remedy at law.

### ELEVENTH DEFENSE
### (Equitable Defenses)

11.     Plaintiffs' claims for relief are barred in whole or in part by laches, estoppel,

and/or unclean hands.

### TWELFTH DEFENSE
### (Failure to Mark)

12.     Plaintiffs are not entitled to damages for any activities occurring before the filing

of the present suit in the event that they or any of their predecessors-in-interest, and/or their

licensees failed to mark patented articles pursuant to 35 U.S.C. § 287.

## THIRTEENTH DEFENSE
### (License and/or Exhaustion)

13.     To the extent that Plaintiffs' accusations relate to products or services that were provided by or for any licensee of the patents-in-suit and/or provided to Sony Mobile and SEL by or through a licensee of the patents-in-suit or under a covenant not to sue, and/or are otherwise subject to the doctrine of patent exhaustion, Plaintiffs' claims are barred.


## SONY MOBILE COMMUNICATIONS (USA) INC. COUNTERCLAIMS

Defendant/Counterclaimant Sony Mobile Communications (USA) Inc. for its counterclaims against Plaintiffs/Counterclaim Defendants Charles C. Freeny III, Bryan E. Freeny, and James P. Freeny ("Plaintiffs"), states as follows:


### NATURE OF ACTION

1.      This is a Declaratory Judgment action for a declaration of non-infringement, invalidity, and unenforceability of U.S. Patent Nos. 6,490,443 (the '443 patent); 6,806,977 (the '977 patent); 7,301,664 (the '664 patent); and 8,072,637 (the '637 patent) (collectively, the "Asserted Patents").

2.      Sony Mobile Communications (USA) Inc. ("Sony Mobile") is a corporation organized under, and existing by virtue of, the laws of the state of Delaware, with its principal place of business located in Atlanta, Georgia.

3.      Charles C. Freeny III claims to be an individual residing in Flower Mound, Texas.

4.      Bryan E. Freeny claims to be an individual residing in Ft. Worth, Texas.

5.      James P. Freeny claims to be an individual residing in Spring, Texas.

**JURISDICTION AND VENUE**

6.      On July 9, 2014, Plaintiffs filed their Complaint alleging that Sony Mobile infringes the Asserted Patents.

7.      Sony Mobile denies infringement, and disputes the validity and enforceability of one or more claims of each of the Asserted Patents.

8.      Thus, there is an actual and justiciable controversy between Plaintiffs and Sony Mobile concerning the infringement, validity and enforceability of the Asserted Patents.

9.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 as an action arising under the Patent Laws, Title 35 of the United States Code, and also under 28 U.S.C. §§ 2201 and 2202 as a declaratory judgment action.

10.     This Court has personal jurisdiction over Plaintiffs at least for the reason that Plaintiffs subjected themselves to the jurisdiction of this Court through the filing of their Complaint for patent infringement.

11.     To the extent that venue over Plaintiffs' claim(s) are proper, venue over these Counterclaims are proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

**COUNTERCLAIM I**
**(Declaration of Non-Infringement of the '443 Patent)**

12.     Sony Mobile hereby realleges and incorporates by reference the above-stated paragraphs of its Counterclaims as though fully set forth herein.

13.     The '443 Patent was issued by the United States Patent and Trademark Office. Plaintiffs claims to own all rights in and to this patent.

14.     Plaintiffs have asserted that Sony Mobile infringes the '443 Patent. Thus, an actual, justiciable controversy exists between Plaintiffs and Sony Mobile concerning the infringement of this patent.

- 12 -

15.      Sony Mobile is not now infringing and has not infringed any valid claim of the '443 Patent literally, directly, contributorily, or by way of inducement.

16.      Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Sony Mobile is entitled to a declaratory judgment that it does not infringe and has not infringed the '443 Patent.

## COUNTERCLAIM II
### (Declaration of Invalidity of '443 Patent)

17.      Sony Mobile hereby realleges and incorporates by reference the above-stated paragraphs of its Counterclaims as though fully set forth herein.

18.      Plaintiffs have asserted that Sony Mobile infringes the '443 Patent. Thus, an actual, justiciable controversy exists between Plaintiffs and Sony Mobile concerning the validity of this patent.

19.      One or more claims of the '443 Patent that are allegedly infringed are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, for example, Sections 101, 102, 103 and/or 112.

20.      Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Sony Mobile is entitled to a declaratory judgment that one or more claims of the '443 Patent are invalid.

## COUNTERCLAIM III
### (Declaration of Non-Infringement of the '977 Patent)

21.      Sony Mobile hereby realleges and incorporates by reference the above-stated paragraphs of its Counterclaims as though fully set forth herein.

22.      The '977 Patent was issued by the United States Patent and Trademark Office. Plaintiffs claims to own all rights in and to this patent.

23.     Plaintiffs have asserted that Sony Mobile infringes the '977 Patent. Thus, an actual, justiciable controversy exists between Plaintiffs and Sony Mobile concerning the infringement of this patent.

24.     Sony Mobile is not now infringing and has not infringed any valid claim of the '977 Patent literally, directly, contributorily, or by way of inducement.

25.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Sony Mobile is entitled to a declaratory judgment that it does not infringe and has not infringed the '977 Patent.

### COUNTERCLAIM IV
### (Declaration of Invalidity of '977 Patent)

26.     Sony Mobile hereby realleges and incorporates by reference the above-stated paragraphs of its Counterclaims as though fully set forth herein.

27.     Plaintiffs have asserted that Sony Mobile infringes the '977 Patent. Thus, an actual, justiciable controversy exists between Plaintiffs and Sony Mobile concerning the validity of this patent.

28.     One or more claims of the '977 Patent that are allegedly infringed by Sony Mobile are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, for example, Sections 101, 102, 103 and/or 112.

29.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Sony Mobile is entitled to a declaratory judgment that one or more claims of the '977 Patent are invalid.

**COUNTERCLAIM V**
**(Declaration of Non-Infringement of the '664 Patent)**

30.     Sony Mobile hereby realleges and incorporates by reference the above-stated

paragraphs of its Counterclaims as though fully set forth herein.

31.     The '664 Patent was issued by the United States Patent and Trademark Office.

Plaintiffs claims to own all rights in and to this patent.

32.     Plaintiffs have asserted that Sony Mobile infringes the '664 Patent. Thus, an

actual, justiciable controversy exists between Plaintiff and Sony Mobile concerning the

infringement of this patent.

33.     Sony Mobile is not now infringing and has not infringed any valid claim of the

'664 Patent literally, directly, contributorily, or by way of inducement.

34.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq*.,

Sony Mobile is entitled to a declaratory judgment that it does not infringe and has not infringed

the '664 Patent.

**COUNTERCLAIM VI**
**(Declaration of Invalidity of '664 Patent)**

35.     Sony Mobile hereby realleges and incorporates by reference the above-stated

paragraphs of its Counterclaims as though fully set forth herein.

36.     Plaintiffs have asserted that Sony Mobile infringes the '664 Patent. Thus, an

actual, justiciable controversy exists between Plaintiffs and Sony Mobile concerning the validity

of this patent.

37.     One or more claims of the '664 Patent that are allegedly infringed by Sony

Mobile are invalid for failure to comply with one or more of the conditions of patentability set

forth in Part II of Title 35 of the United States Code including, for example, Sections 101, 102,

103 and/or 112.

DAL:901220.1

38.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*,

Sony Mobile is entitled to a declaratory judgment that one or more claims of the '664 Patent are

invalid.

### COUNTERCLAIM VII
### (Declaration of Non-Infringement of the '637 Patent)

39.     Sony Mobile hereby realleges and incorporates by reference the above-stated

paragraphs of its Counterclaims as though fully set forth herein.

40.     The '637 Patent was issued by the United States Patent and Trademark Office.

Plaintiffs claims to own all rights in and to this patent.

41.     Plaintiffs have asserted that Sony Mobile infringes the '637 Patent. Thus, an

actual, justiciable controversy exists between Plaintiffs and Sony Mobile concerning the

infringement of this patent.

42.     Sony Mobile is not now infringing and have not infringed any valid claim of the

'637 Patent literally, directly, contributorily, or by way of inducement.

43.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*,

Sony Mobile is entitled to a declaratory judgment that it does not infringe and has not infringed

the '637 Patent.

### COUNTERCLAIM VIII
### (Declaration of Invalidity of '637 Patent)

44.     Sony Mobile hereby realleges and incorporates by reference the above-stated

paragraphs of its Counterclaims as though fully set forth herein.

45.     Plaintiffs have asserted that Sony Mobile infringes the '637 Patent. Thus, an

actual, justiciable controversy exists between Plaintiffs and Sony Mobile concerning the validity

of this patent.

46.     One or more claims of the '637 Patent that are allegedly infringed by Sony Mobile is invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, for example, Sections 101, 102, 103 and/or 112.

47.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Sony Mobile is entitled to a declaratory judgment that one or more claims of the '637 Patent are invalid.

## EXCEPTIONAL CASE

48.     This is an exceptional case entitling Sony Mobile and SEL to an award of attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

49.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Sony Mobile and SEL demand a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, Sony Mobile and SEL respectfully request a judgment against Plaintiffs as follows:

A.      That Plaintiffs take nothing by their Complaint in this action;

B.      Plaintiffs' Complaint in this action be dismissed in its entirety with prejudice;

C.      That the Court enter a declaratory judgment that Sony Mobile does not infringe and have never infringed any valid claim of the Asserted Patents;

D.      That the Court enter a declaratory judgment that the asserted claims of the Asserted Patents are invalid and void;

- 17 -

E.      That the Court declare this an exceptional case and award Sony Mobile and SEL

their costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other

applicable statutes, rules, and common law; and

F.      That the Court award Sony Mobile and SEL any and all other relief to which they

may be entitled, or which the Court deems just and proper.

Dated: September 2, 2014.                          Respectfully Submitted,

/s/ John H. McDowell, Jr.
John H. McDowell, Jr.
Texas State Bar No. 13570825
Email: johnmcdowell@andrewskurth.com
Benjamin J. Setnick
Texas State Bar No. 24058820
Email: bensetnick@andrewskurth.com
**ANDREWS KURTH LLP**
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:      214-659-4400
Facsimile:      214-915-1434

James V. Mahon
Email: JamesMahon@Andrewskurth.com
**ANDREWS KURTH LLP**
4505 Emperor Blvd, Suite 330
Durham, NC 27703
Telephone:      919-864-7210

**Attorneys for Sony Mobile Communications (USA)
Inc. and Sony Electronics Inc.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing has been served upon counsel of

record through the Court's CM/ECF system on September 2, 2014.

*/s/ John McDowell*